IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br>vs.<br>NATASHA PEREDO VITUG,<br><br>　　　　　　Defendant. | CRIMINAL CASE NO. 24-00008<br><br>**ORDER**<br>Denying Unopposed Second Motion to<br>Continue Trial and Related Dates (ECF No. 16) |

Trial herein is scheduled to commence on March 4, 2025. *See* Order, ECF No. 12.

On December 4, 2024, the Defendant filed an Unopposed Second Motion to Continue Trial and Related Dates (the "Second Motion to Continue"). *See* ECF No. 16. Therein, defense counsel requested that the trial be continued for an unspecified period of time "to allow additional time necessary to review discovery and continue the investigation, locate witnesses, and prepare the defense against allegations that stretch back to at leas[t] 2013." *Id.* at 1. Alternatively, the Defendant requested that the current trial date be vacated, with a status hearing set for March 4, 2025, instead. *Id.* at 1-2. Having reviewed the instant motion and relevant case law, the court DENIES the request for continuance as further discussed below.

**RELEVANT PROCEDURAL BACKGROUND**

On March 27, 2024, an Indictment was filed charging the Defendant with the following offenses: Theft Concerning Program Receiving Federal Funds; Unauthorized Use, Transfer, Acquisition, Alteration or Possession of SNAP[1] Benefits; Use of Means of Identification in Furtherance of Fraud; and five counts of Wire Fraud. *See* Indictment, ECF No. 1. The Indictment alleged that between February 2013 and November 2019, the Defendant – then employed as an Eligibility Specialist with the Guam Department of Public Health and Social Services ("DPHSS")

---

[1] SNAP stands for the Supplemental Nutrition Assistance Program, formerly known as the Food Stamp Program. *See* Indictment at ¶ 3, ECF No. 1.

– accessed the DPHSS system to unlawfully reapply for SNAP and Cash Assistance Programs ("CAP") benefits "in the names of program beneficiaries who had left Guam or otherwise terminated their participation in the programs without authorization and without the beneficiaries knowledge or consent." *Id.* at ¶¶ 1, 6 and 9-10. The Indictment further alleged that the Defendant "manipulated accounts of existing program participants in order to increase the amount of benefits issued and obtained those benefits for her own use" and also "used the personal information of program participants in order to apply for additional benefits, such as the CAP, for which there were not qualified and obtained the benefits for her own use." *Id.* at ¶¶ 16-17. At the request of the United States, the court ordered that a warrant issue for the Defendant's arrest.

On July 2, 2024, the Defendant was arrested. *See* Arrest Warrant Return, ECF No. 4.

The Defendant appeared in court on July 3, 2024, and the court appointed the Federal Public Defender to represent her. *See* Am. Mins., ECF No. 10, and Appointment Order, ECF No. 6. The Defendant entered not guilty pleas to the allegations, and the court set trial for September 10, 2024. *See* Trial Scheduling Order, ECF No. 8.

On August 1, 2024, the Defendant filed an Unopposed Motion to Continue Trial and Related Dates (the "First Motion to Continue"). *See* ECF No. 11. Said motion requested a continuance of six months "to allow defense counsel additional time to complete discovery review exceeding 10,000 pages, confer with [the Defendant], conduct investigation, locate any witnesses, and prepare the defense against allegations that stretch back from 2013." *Id.* at 1.

On August 6, 2024, the court issued an Order granting the First Motion to Continue, finding that the ends of justice served by granting the continuance outweigh the public and the Defendant's interests in the speedy trial. *See* Order, ECF No. 12. The court rescheduled trial to commence on March 4, 2025. *Id.* at 2.

On December 4, 2024, the parties appeared before the court for a status hearing. *See* Mins., ECF No. 15. Defense counsel stated that she just sent the government a request for supplemental discovery and just hired a forensic accountant the week prior to the hearing. Counsel asserted she will need more time to investigate the matter, and the court instructed her that if she intends to seek another continuance, any such motion has to be more detailed to justify a further extension.

On December 4, 2024, the Defendant filed the instant Second Motion to Continue. *See* ECF No. 16. The motion indicated that the government had no objection to the requested continuance. *Id.* at 2.

No party has requested a hearing on the Second Motion to Continue, and the court finds that oral argument on the matter is not necessary.

## LEGAL STANDARD

In determining whether to grant a continuance, the court takes into consideration the speedy trial clock and the public's right to a speedy trial. A court may grant a requested continuance if the court finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The factors a court must consider in determining whether to grant an ends of justice continuance under the Speedy Trial Act ('the "STA") include: (1) whether the failure to grant a continuance would result in a "miscarriage of justice"; (2) whether the case is "so unusual or so complex" that it would be unreasonable to expect adequate preparation within the 70-day limit established by the STA; and (3) whether, in a case that is not so unusual or complex, the failure to grant a continuance would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(i), (ii) and (iv).[2]

The court is afforded "broad discretion" in determining whether to grant or deny a continuance. *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985). When reviewing whether a district court abused its discretion in denying a motion for continuance, the Ninth Circuit Court of Appeals considers the following factors: (1) the extent of the defendant's diligence in preparing her defense prior to the trial date; (2) the likelihood that the continuance would serve a useful purpose; (3) the extent to which a continuance would inconvenience the court, the parties, or witnesses; and (4) the extent of prejudice, if any, to the defendant if the continuance was denied. *Id.* at 1359. "The weight accorded to each factor may vary from case to case; '[h]owever, in order to obtain a reversal,

---

[2] The STA includes a fourth factor which is not relevant to the discussions here. *See* 18 U.S.C. § 3161(h)(7)(B)(iii).

appellant must show at a minimum that he has suffered prejudice as a result of the denial of his request.'" *United States v. Mejia*, 69 F.3d 309, 314-15 (9th Cir. 1995) (quoting *Flynt*, 756 F.2d at 1359).

**DISCUSSION**

The court will analyze each of the factors set forth in *Flynt*.

1. Diligence

The Second Motion to Continue indicates that counsel has reviewed over 10,000 pages and conferred with the Defendant, sent the government a supplemental discovery request on November 21, 2024,[3] and "recently retained a forensic accountant expert." Second Mot. Cont. at 2, ECF No. 16. It is not clear whether *any* witness have been interviewed, but the motion notes that counsel "needs more time to conduct witness interviews." *Id.*

The instant motion was not accompanied by any supporting declaration. Counsel has had approximately five months since her appointment to review the discovery provided thus far. The court is unaware of any factors that would have made the discovery review extraordinarily time consuming, given the low case criminal case load of this district and the fact that counsel was not involved in any criminal trials over the last five months. There is no supporting declaration from the accountant that explains how much time he will need to review the discovery and prepare a report. Finally, counsel has not explained what efforts have been undertaken or will be taken to locate and interview witnesses to prepare a defense. Overall, based on the scant information in the motion, the court cannot find that counsel has been diligent or not diligent. At best, this factor neither weighs in favor of nor against a continuance.

2. Usefulness of the Continuance

Defense counsel argues that a continuance is necessary to review anticipated supplemental discovery. The court notes that the deadline to file pretrial motions is not until January 23, 2025.

---

[3] The motion asserts that the supplemental request included but was not limited to witness interview recordings, the recording of the grand jury hearing, and other documents relating to application, processing and issuance of SNAP and CAP benefits to the alleged recipients. Second Mot. Cont. at 2, ECF No. 16.

Assuming that the United States has produced the supplemental requests, counsel should have sufficient time over the course of the next month to review the additional discovery.

Counsel also asserts that the continuance is necessary to allow the forensic accountant to review the discovery and supplemental discovery and to generate a report. Again, the court has not been provided with any information that indicates how much time the retained expert will need to complete these tasks or how the accountant's report will be useful for the defense.

Finally, counsel asserts that the continuance is necessary to conduct witness interviews. The Indictment identifies five program recipients who had either left Guam or otherwise terminated their participation in the programs. The motion notes that these recipients are deceased or have relocated to the United States and the Philippines. The motion also asserts that the recipient's family members, as well as current and previous DPHSS employees, have yet to be located and interviewed. Despite the court's instructions to provide details in any future motion requesting a continuance, the court is left wondering who are these witnesses, how many still have to be interviewed, which witnesses can't be located, how will these witnesses will be useful for the defense, and what is the counsel's proposed time frame for completing these interviews.

The Second Motion to Continue makes an insufficient showing of usefulness. Certainly, every requested continuance is considered "useful" because it affords counsel with more time to review documents and to locate and interview witnesses and provides the expert with more time to review documents and prepare his report. But case authority[4] requires something more than the convenience of additional time to satisfy the "usefulness" factor.

The Defendant has already been given a six-month continuance, and the court needs to know what *specifically* will a continuance accomplish beside providing counsel with more time to prepare.

---

[4] In *Flynt*, the appellate court found that the requested 30-day continuance would have served a "useful" purpose because the defendant would have been allowed to present witnesses submit to psychiatric examinations by psychiatrists of his own choosing with regard to his defense of diminished mental capacity. 756 F.2d at 1360. In *Mejia*, the appellate court found that a continuance would have been "useful" because it would have allowed the trial judge to see and hear live testimony from two detectives involved in an interview of the Defendant and to assess their credibility for purposes of the motion to suppress the interview. 69 F.3d at 315-16.

A second request for continuance should provide the court with a plan of specific items to be accomplished during the requested continuance[5] – filed under seal, if necessary – so that the court can hold counsel accountable to said plan. Because the instant motion fails to provide any information regarding the usefulness of a second continuance, this factor does not weigh in favor of granting said request.

3. <u>Inconvenience</u>

The government does not opposed the requested continuance or expressed that it will suffer any inconvenience if a continuance is granted. Because the trial is not scheduled to commence until March 4, 2025, there is no inconvenience to the court. Accordingly, this factor supports the requested continuance.

4. <u>Prejudice</u>

The motion does not allege that how the Defendant will be prejudiced if the continuance is not granted. As noted, the parties still have seven weeks before pretrial motions are due and approximately three more months until trial commences. The court cannot conclude at this time that the Defendant will suffer prejudice if trial were to proceed as scheduled. The court finds that this factor does not weigh in favor of the requested continuance.

In summary, the first factor is neutral, the second and fourth factors weigh against a continuance, and only the third factor weighs in favor of granting a continuance. Having previously granted a six-month continuance and despite the government's non-objection to a continuance, the court cannot set a precedence of granting yet another continuance in the absence of specific details that address the above factors. Accordingly, the court hereby denies without prejudice the Second Motion to Continue.

IT IS SO ORDERED.

/s/ Michael J. Bordallo
U.S. Magistrate Judge
Dated: Dec 10, 2024

---

[5] For example, in civil cases, the local rules require that a motion for extension "must demonstrate a specific need for the requested extension and should be accompanied by a detailed proposed amendment[.]" CVLR 16-1(b)(3). Additionally, a discovery completion deadline will only be extended "if the remaining discovery is specifically described and scheduled, *e.g.,* the names of each remaining deponent and the date, time and place of each remaining deposition." *Id.*